IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Robert Wheat,**

      **Plaintiff,**

**v.**                                             **Case No. 04-2522-JWL**

**American Community Newspapers, Inc.
d/b/a Sun Newspapers,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed suit against defendant alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. This matter is presently before the court on defendant's motion for entry of judgment (doc. #10) and defendant's motion to strike plaintiff's response to the motion for entry of judgment for failure to comply with the court's order (doc. #13). As set forth below, both motions are denied.

*Backround*

In May 2005, Magistrate Judge Waxse issued an order setting an initial telephone scheduling conference on June 28, 2005. The docket sheet reflects that a telephone conference occurred on June 28, 2005, but that the conference was deemed a status conference and that no scheduling conference occurred. Apparently, during the telephone conference, counsel for defendant indicated to the magistrate judge that plaintiff had sued the wrong entity and could not

state a claim against it. Thus, the magistrate judge, during the telephone conference, directed plaintiff to show good cause in writing to the court, on or before August 31, 2005, why his complaint should not be dismissed for failure to state a claim against the defendant. The magistrate judge continued the scheduling conference and indicated that it would be rescheduled if the case remained pending.

The August 31, 2005 deadline passed with no response from plaintiff. Consequently, on September 8, 2005, defendant filed a motion for entry of judgment dismissing plaintiff's complaint with prejudice as a sanction for plaintiff's failure to respond to the court's order. On October 3, 2005, plaintiff filed a response to defendant's motion in which he explained why he believes he sued the proper legal entity or, at the very least, why he believes he is entitled to discovery on the issue. Plaintiff did not, however, address or even mention the magistrate judge's show cause order in his response. Thereafter, defendant filed a motion to strike plaintiff's response for failure to comply with the magistrate judge's show cause order; in the alternative, defendant filed its reply to plaintiff's response to the motion for entry of judgment and, for the first time, asserted that plaintiff's complaint should be dismissed not only as a sanction for failing to respond to the court's order but also based on the merits as well. Plaintiff never filed a response to the motion to strike. This court then directed plaintiff to show cause why he failed to respond to Judge Waxse's show cause order and further directed plaintiff to file a response to the underlying show cause order. Plaintiff timely filed a response to this court's show cause order and defendant has had an opportunity to file a reply to plaintiff's response.

*Plaintiff's Response to the Show Cause Order and Dismissal as a Sanction*

The threshold issue before the court, then, is whether plaintiff has shown good cause for failing to respond to the magistrate judge's order to show cause. The court finds that plaintiff has shown good cause, particularly in light of the circumstances surrounding the issuance of the show cause order. As highlighted by plaintiff, the parties believed that the magistrate judge intended to conduct a telephone scheduling conference on June 28, 2005. Indeed, consistent with that belief, the parties had submitted to the magistrate judge in advance of the conference their Rule 26(f) report of planning meeting. During the conference, which plaintiff's counsel participated in via cellular telephone during a break from a deposition in another case, defendant raised the issue of whether plaintiff had sued the proper entity and, according to plaintiff, the conference quickly evolved into an oral motion hearing on what amounted to an oral motion to dismiss made by defendant. While plaintiff's counsel concedes that he recalls some discussion of a "show cause order" during that conference, he asserts that he also recalls a discussion of defendant filing a written motion to dismiss if it believed that it was not a proper defendant in the case. After the conference, the magistrate judge simply docketed a "minute sheet" containing the following language:

> Minute Sheet for Telephone Status Conference held before Magistrate Judge David J. Waxse on 6/28/2005: Plaintiff to show written cause to the district judge by 8/31/2005 why this matter should not be dismissed for failure to state a claim against this defendant. The scheduling conference is continued and will be rescheduled if the case remains pending.

Candidly, plaintiff's counsel admits that he received the e-mail from the court concerning the minute sheet entry but simply never read (or never read carefully) the minute sheet entry (in large

3

part because of the sheer volume of e-mail notifications he received during this time frame in light of his involvement in other litigation, particularly the *Williams* case, a collective action pending before this court with 1700 opt-in plaintiffs that places significant demands on counsel's time and energy, coupled with his belief that the minute sheet simply indicated that the conference had occurred) and, because no separate show cause order was ever issued by the magistrate judge, he was simply unaware of the order. According to plaintiff, he did not realize that the order had been issued until he received defendant's motion for entry of judgment on September 8, 2005 and he assumes responsibility for failing to address the show cause order at that juncture, focusing instead on the substantive issue of whether he had sued the proper defendant. In light of these particular circumstances, the court excuses plaintiff's counsel's failure to respond to the show cause order, with the admonition that he must read carefully the contents of future e-mail notifications from the court.

Moreover, even if the court were to determine that plaintiff had not shown good cause, it would nonetheless deny plaintiff's motion for entry of judgment and its motion to strike plaintiff's response. The Tenth Circuit has repeatedly cautioned that dismissal as a sanction for the conduct of a party's counsel is so "harsh" that it is appropriate only in cases of willfulness, bad faith or some fault of the party to be sanctioned. *See, e.g., Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). In determining whether dismissal is an appropriate sanction, the court considers

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction

for noncompliance; and (5) the efficacy of lesser sanctions.

*Id*. (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). While defendant urges that these factors weigh in favor of dismissal, the court does not agree at this juncture. Defendant complains that it has been put to "needless" expense in defending the litigation because it is not the appropriate party in any event; while defendant may ultimately succeed in having plaintiff's claims dismissed, plaintiff's papers demonstrate that he has intended to sue his former employer and that, while he may have misidentified his employer and/or misnamed defendant, some connection exists between his former employer and defendant (although plaintiff may have incorrectly included the "dba" designation). In other words, defendant does not contend that it is wholly unrelated to plaintiff's former employer. Suffice it to say, defendant would be better served by filing an appropriate motion to dismiss or motion for summary judgment with the requisite evidentiary support concerning the identity of plaintiff's employer. The court discerns no prejudice sufficient to justify dismissal of plaintiff's complaint on this record.

In addition, the order issued by the magistrate judge failed to warn plaintiff that dismissal of the action would be a likely sanction for noncompliance with the court's order. Plaintiff was only warned about possible dismissal in this court's show cause order, to which plaintiff timely responded. This, too, weighs against dismissal at this time. With respect to interference with the judicial process, the court appreciates defendant's frustration with plaintiff's failure to prosecute this case efficiently. According to defendant, plaintiff has refused to return numerous phone calls and e-mail messages concerning settlement and other matters. In that regard, plaintiff's counsel is admonished that he must immediately turn his attention to this case regardless of the press of

other cases. The court will not again excuse plaintiff's counsel's conduct in this case based on the involvement of plaintiff's counsel in other litigation, including the *Williams* case. If plaintiff's counsel is unable to meet the needs of his other clients, he should either diminish his participation in the *Williams* litigation or withdraw from his other cases and find substitute counsel for those clients. The court will not receive favorably any further communications indicating that the attention of plaintiff's counsel is not properly focused on this case.

In sum, the court declines to sanction plaintiff with dismissal of his case at this time, concluding that plaintiff's counsel has not acted willfully or in bad faith. Plaintiff's counsel, however, is strongly advised to turn his attention to this case and to cooperate with defendant's counsel in moving this case forward to resolution, either through settlement to which defendant's counsel has suggested defendant is amenable or through the litigation process.[1]

*Dismissal on the Merits*

In the alternative, defendant seeks dismissal of plaintiff's complaint on the merits.[2] With

---

[1] Defendant suggests in its papers that dismissal is also appropriate because plaintiff has failed to respond fully to this court's show cause order in that he has failed to file a response to the magistrate judge's show cause order. The court rejects this argument and believes that plaintiff's response to the show cause order appropriately includes his response to the "failure to state a claim" aspect of the underlying show cause order.

[2] Defendant's arguments that plaintiff's complaint should be dismissed on the merits were not asserted until defendant filed its reply to plaintiff's response to the motion for entry of judgment. Ordinarily, then, the court would refuse to consider these arguments. *See*

respect to plaintiff's ADEA claims, defendant asserts that dismissal is appropriate because it was not named as a respondent in plaintiff's EEOC charge. With respect to plaintiff's FMLA claims, defendant asserts that dismissal is appropriate because plaintiff has sued the wrong entity and the relevant statute of limitations now bars plaintiff from adding the proper defendant to this action. As set forth in more detail below, the court denies defendant's motion.

Defendant maintains that dismissal of the ADEA claims is warranted because it was not named as a respondent in plaintiff's EEOC charge. As a general rule, a plaintiff must file a charge against a party with the EEOC before he or she can sue that party under the ADEA. *See* 29 U.S.C. § 626(e) ("A civil action may be brought under this section . . . against the respondent named in the [EEOC] charge . . . ."); *see also Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999) ("As a general rule, a plaintiff must file a charge against a party with the EEOC before she can sue that party under Title VII."). Contrary to defendant's suggestion, however, the omission of a party's name from the EEOC charge does not automatically mandate dismissal of the complaint. *See Knowlton*, 189 F.3d at 1185; *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). An ADEA action may proceed against a defendant not named in the EEOC charge when "there is a clear identity of interest between the unnamed defendant and the party

---

*Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (argument raised for the first time in reply brief is waived) (citing *Coleman v. B-G Maintenance Management*, 108 F.3d 1199, 1205 (10th Cir. 1997) (issues not raised in the opening brief are deemed abandoned or waived)). Nonetheless, because the court rejects defendant's arguments in any event and because plaintiff had an opportunity to respond to defendant's arguments in connection with his response to the show cause order, the court proceeds to address the merits of defendant's arguments.

named in the administrative charge" sufficient to satisfy the purposes of the filing requirement–that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation. *Knowlton*, 189 F.3d at 1185; *Romero*, 615 F.2d at 1311. The Tenth Circuit has typically employed a four-factor test in determining whether an identity of interest exists. *See Knowlton*, 189 F.3d at 1185. The factors are:

> (1) whether the role of the unnamed party could have been ascertained at the time of the filing of the EEOC complaint through reasonable effort by the complainant;
>
> (2) whether the interests of a named party are so similar to the unnamed party's that it would be unnecessary to include the unnamed party in the EEOC proceedings for the purpose of obtaining voluntary conciliation and compliance;
>
> (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice;
>
> (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*See Knowlton*, 189 F.3d at 1185 n.9 (citing *Romero*, 615 F.3d at 1312).

Defendant has failed to address the identity-of-interest exception in its motion and does not provide any facts that might inform the court's analysis of these four factors. For that reason alone, defendant has failed to meet its burden of showing that dismissal is appropriate. *See Aguirre v. McCaw RCC Communications, Inc.,* 923 F. Supp. 1431, 1434 (D. Kan. 1996) (citation omitted). In addition, plaintiff indicates in his response that he may intend to prove single-employer or integrated-enterprise status between defendant and Sun Publications, Inc., the entity by whom he was employed and which later merged with American Community Newspapers, Inc. Assuming plaintiff is able to prove this status, his failure to name defendant in the EEOC charge

does not preclude its inclusion in this lawsuit. *See Knowlton*, 189 F.3d at 1185. For the foregoing reasons, defendant's motion to dismiss plaintiff's ADEA claims is denied without prejudice.

The court turns, then, to defendant's argument that plaintiff's FMLA claims should be dismissed. According to defendant, plaintiff has simply named the wrong entity in this lawsuit and it is now too late for plaintiff to cure this deficiency by naming new defendants because more than 2 years has passed since the alleged wrongful act. In other words, defendant asserts that the statute of limitations has run on plaintiff's FMLA claims, rendering it too late for plaintiff to name the appropriate entity. As an initial matter, the court rejects at this juncture defendant's bald assertion that plaintiff has named the wrong entity. As noted above, plaintiff has indicated an intent to prove single-employer status between defendant and Sun Publications, Inc. The court, then, cannot state on this limited record that plaintiff has sued the wrong entity. Moreover, defendant's argument with respect to plaintiff's FMLA claims does not provide a basis to dismiss plaintiff's FMLA claims against defendant; it merely attempts to preclude plaintiff from asserting those claims against another entity, an argument that is premature as plaintiff has not requested leave to amend his complaint. In any event, the argument is rejected. Indeed, should plaintiff seek leave to do so, he would be permitted to amend his complaint to assert claims against a new defendant provided he meets the requirements of Federal Rule of Civil Procedure 15(c)(3)–a rule that defendant does not mention in its motion. Pursuant to that rule, an amended pleading will relate back to the date of the original pleading when

> (2) the claim or defense asserted in the amended pleading arose out of the conduct,

> transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).  In this case, it is undisputed that plaintiff is intending to sue his former employer.  If he has mistakenly misnamed that entity, then he will be permitted to correct that mistake if he satisfies the requirements of Rule 15(c)(3).  *See Maycher v. Muskogee Medical Center Auxillary*, 1997 WL 698007, at *1-2 (10th Cir. Nov. 6, 1997) (reversing district court's denial of plaintiff's motion to amend complaint to substitute the proper party defendant where plaintiff intended from the outset to sue her employer and mistakenly misnamed the entity; plaintiff satisfied requirements of Rule 15(c)(3)).  Defendant's motion to dismiss plaintiff's FMLA claims, then, is denied without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for entry of judgment dismissing complaint with prejudice (doc. 10) is denied and defendant's motion to strike plaintiff's response for failure to comply with the court's order (doc. 13) is denied.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2005, at Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge