IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT WHEAT,**

        **Plaintiff,**

vs.

        Case No. 04-2522-JWL-DJW

**AMERICAN COMMUNITY NEWSPAPERS,
INC d/b/a SUN NEWSPAPERS**

        **Defendants.**

## JOINT STIPULATED PROTECTIVE ORDER

The parties may be producing in discovery certain documents and information of a confidential nature and seek a protective order under Federal Rule of Civil Procedure 26 limiting the use and dissemination of confidential materials. More specifically, Defendant American Community Newspapers, Inc. may be producing materials from or constituting employee personnel files, which contain employee health/medical information, disciplinary materials, personal background information (including social security numbers), and wage and benefit information. Defendant may also be producing materials concerning internal investigations and audits concerning alleged employee misconduct and may be producing other information concerning defendant's standard operating procedures and sales figures. Plaintiff may be producing information concerning her financial status and employment records. Accordingly, the parties have agreed to this Stipulated Protective Order to permit discovery of the above-described information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND ORDERED, as follows:

1. "Confidential Information," as used herein, means any documents containing legitimate trade secrets, confidential non-public customer information, sales figures, and employee

personnel records designated as "confidential" by the Defendant, whether it be a document, information contained in a document, testimony, transcripts or any other form of information or computer data. "Confidential Information" shall also include any documents containing confidential medical, employment, or benefits information designated as "Confidential Information" by plaintiff. Where practical, "Confidential Information" shall be designated by stamping or marking or otherwise designating each page of the document "CONFIDENTIAL".

    2.    Confidential information and information derived there from may only be disclosed or made available to the following "Qualified Persons":

    (a)    the parties to this action, their employees and representatives;

    (b)    counsel to the parties in this action and persons regularly employed by such counsel;

    (c)    independent investigators, experts, or consultants retained by counsel to the parties, whose access to and review of that particular confidential information is necessary to the prosecution or defense of this action;

    (d)    the Court, its employees and agents, court reporters, and their agents in depositions, hearings or trial in this action;

    (e)    any person serving as juror in this action;

    (f)    any person testifying at any hearing or trial in the Court concerning any "confidential" information admitted into evidence; and

    (g)    any other person designated by the Court after notice and hearing to all parties, or any other person designated by agreement of the parties.

    3.    Before counsel provides any person with access to confidential information, counsel shall advise such person of the existence and content of this Order, provide the person with a copy

of this Order for review and verify the person to whom disclosure is made has agreed in writing to be bound by its terms. Counsel shall be provided with these writings at the conclusion of this litigation. The provisions of this paragraph shall not apply to individuals referenced in paragraph 2(d), 2(e) or 2(f) above.

      4.    The parties shall maintain Confidential Information in confidence and will not reveal or disclose any Confidential Information to any person who is not a Qualified Person without the prior written consent of all parties or an order by the Court authorizing such disclosure. Confidential Information shall be used only for purposes of this proceeding (not any other arbitral, judicial or other proceeding) and for no other purpose whatsoever and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person except as provided herein.

      5.    In the event counsel disagrees with any designation of "Confidential Information" by the other party pursuant to Paragraph 1 or considers it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for the parties shall confer and attempt to resolve the matter informally. If they are unable to do so, an application may be made to the Court for a determination whether particular documents or other information should be treated as "Confidential Information" or whether the disclosure of the information shall be permitted. The information in question shall be treated as Confidential Information, subject to the terms of this Stipulated Protective Order, until otherwise agreed to by the parties or ordered by the Court.

      6.    Confidential Information disclosed to opposing counsel may be copied only to the extent necessary to permit its use in accordance with the terms of this Stipulated Protective Order. At the conclusion of this proceeding (including appeals, if any), upon request, all Confidential Information, and all documents containing Confidential Information shall be returned to opposing counsel, together with all copies, extracts and summaries thereof.

7. The disclosure of a document or information to a Qualified Person without designating it as Confidential Information shall not constitute a waiver of the party's right to designate such document or information as Confidential Information and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulated Protective Order.

8. If any party desires to file with the Court deposition testimony or any exhibits or documents comprised of or which contain Confidential Information covered by and subject to this Order, that party must seek separate leave of the Court to file such material under seal.  For matters the Court ultimately approves for filing under seal, such filings shall be done in accordance with Court Rules or in the manner directed by the Court. The provisions of this paragraph do not apply to exhibits offered at the time of trial; provided, however, that defendant's counsel shall be entitled to seek such protective orders concerning the confidential information to be introduced at trial as counsel deems reasonable and/or necessary to protect confidential information from public disclosure.  If a party intends to offer into evidence a confidential document not listed on that party's exhibit list, then that party shall notify opposing counsel sufficiently in advance outside the presence of the jury so that counsel will have an opportunity to object to such document coming into evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before such document or information is offered into evidence in open court.

9. This Stipulated Protective Order may be amended only by further order of the Court upon the application of a party or *sua sponte*.

10. This Stipulated Protective Order shall be binding on all Qualified Persons and all other persons having knowledge of its terms.  Violation of this Order is enforceable by any sanctions deemed appropriate by this Court.

11. The terms of the Stipulated Protective Order shall survive and remain in full force and effect after the termination of this proceeding.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of March, 2006.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc: All counsel and *pro se* parties

APPROVED AS TO FORM AND CONTENT:

        OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.

    /s/ Renee Parsons
Michael L. Matula  #18138
G. Nicole Hininger # 77994
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
(816) 471-1301
(816) 471-1303 (facsimile)
Mike.matula@ogletreedeakins.com
Nicole.hininger@ogletreedeakins.com

ATTORNEYS FOR DEFENDANT


THE POPHAM LAW FIRM, P.C.


 /s/ Stephen J. Dennis
Stephen J. Dennis #12453
323 W. 8th Street, Suite 2000
Kansas City, Missouri 64105
(816) 221-2288
816-221-3999 (facsimile)

ATTORNEYS FOR PLAINTIFF